[Cite as *State v. McLaughlin*, 2018-Ohio-2333.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

KENNETH MCLAUGHLIN

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. CT2017-0104

O P I N I O N

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2017-0296

JUDGMENT:        Affirmed in part, Vacated in part, and
Remanded for Sentencing

DATE OF JUDGMENT ENTRY:        June 11, 2018

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Hoffman, P.J.*

{¶1}   Appellant Kenneth McLaughlin appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of aggravated robbery (R.C. 2911.01(A)(1)), felonious assault with a firearm specification (R.C. 2903.11(A)(2), R.C. 2941.145), kidnapping with a firearm specification (R.C. 2905.01(A)(2), R.C. 2941.141), theft of firearms (R.C. 2913.02(A)(1)) and theft of an elderly victim (R.C. 2913.02(A)(1)), and sentencing him to sixteen years incarceration.  Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   Before 3:00 a.m. on August 24, the 87-year-old victim woke up to use the bathroom.  He did not have his hearing aids in his ears.  While sitting on the toilet, he realized there was a person in the bathroom talking to him, but he could not hear what the person was saying.  He described the person, later identified as Appellant, as a white male with a bandana on his face.  Appellant had a knife which he waved at the victim.  Appellant continued to yell and talk at the victim, who could not hear what Appellant was saying.

{¶3}   Appellant took the victim from the toilet, walked him to a chair in the living room, and told the victim to sit in the chair.  Appellant tied the victim's feet with an electric extension cord and pushed the chair, with the victim in it, to the bedroom.  The chair would not fit through the bedroom door, so Appellant took the victim out of the chair, placed him on the bed, and pushed him backwards.

{¶4}   Appellant yelled at the victim, asking for the keys to two safes in the bedroom.  Appellant tied the victim's hands together, and used packaging tape to cover

his mouth. Appellant found an AK47 on a gun rack, which he threatened to hit the victim with unless he was given the keys to the safe.

{¶5} Appellant then took the butt of the rifle and hit the victim in the forehead. The gun discharged into the ceiling. Appellant took six guns and a guitar from the house and left.

{¶6} The victim waited until he believed Appellant was gone, then unbound his hands and feet and drove to his son's house. He was so nervous and shaken he could not pull the tape off his mouth, so he sat outside the house and honked his car horn until his son came out.

{¶7} Family members identified Appellant as a possible suspect in the case. On the garage floor of the home, police found a wallet and identification belonging to Appellant.

{¶8} Appellant was indicted by the Muskingum County Grand Jury with one count of aggravated burglary with a firearm specification, one count of aggravated robbery with a firearm specification, one count of felonious assault with a firearm specification, two counts of kidnapping with firearm specifications, one count of theft of firearms, and one count of theft from an elderly victim. The State dismissed the charge of aggravated burglary and the accompanying firearm specification, and one count of kidnapping with a firearm specification, as well as the firearm specification attached to the charge of aggravated robbery. Appellant entered a plea of guilty to the remaining charges.

{¶9} The trial court sentenced Appellant to six years incarceration for aggravated robbery, two years incarceration for felonious assault with an additional three years incarceration for the accompanying firearm specification, three years incarceration for

kidnapping with an additional one year for the firearm specification, twelve months incarceration for theft of firearms, and twelve months incarceration for theft from an elderly victim. The court ordered all sentences to be served consecutively except for the twelve months for theft from an elderly victim which was to be served concurrently to the remaining charges, for an aggregate term of sixteen years.

{¶10} It is from the December 20, 2017 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT COMMITTED PREJUDICIAL PLAIN ERROR IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. §2941.25(A) THUS MANDATING THE REVERSAL OF HIS CONVICTIONS AND SENTENCES FOR AGGRAVATED ROBBERY, FELONIOUS ASSAULT, THEFT OF A FIREARM, THEFT FROM AN ELDERLY VICTIM AND KIDNAPPING ALONG WITH THE FIREARM SPECIFICATIONS FOR EACH.[1]

II. SHOULD THIS COURT FIND THAT IT CANNOT CONSIDER APPELLANT'S MERGER ARGUMENT BECAUSE TRIAL COUNSEL FAILED TO PRESERVE THE ISSUE BY RAISING IT AT SENTENCING PURSUANT TO *STATE V. ROGERS,* 143 OHIO ST. 3D 385, 2015-OHIO-2459, 38 N.E.3D 860, APPELLANT WAS DENIED THE EFFECTIVE

---

[1,2] Though Appellant seeks reversal of his convictions based upon R.C. 2941.25(A), the statute only provides for election of sentencing, not reversal of convictions.

ASSISTANCE OF COUNSEL THUS MANDATING THE REVERSAL OF HIS CONVICTIONS AND SENTENCES FOR AGGRAVATED ROBBERY, FELONIOUS ASSAULT, THEFT OF A FIREARM, THEFT FROM AN ELDERLY VICTIM AND KIDNAPPING ALONG WITH THE FIREARM SPECIFICATIONS FOR EACH.[2]

**{¶11}** We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

I.

**{¶12}** In his first assignment of error, Appellant argues the court committed plain error in failing to find all offenses were allied and should have merged.

**{¶13}** R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of

the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶14} In the syllabus of *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2.Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶15} The Court further explained:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is

true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶¶ 25-26.

**{¶16}** The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Id. We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759

N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804

(1978), paragraph three of the syllabus.

*State v. Thomas*, 152 Ohio St.3d 15, 92 N.E.3d 821, 2017–Ohio–8011, ¶¶ 32–34.

**{¶17}** Appellant was convicted of two counts of theft in violation of R.C.

2913.02(A)(1), which provides, "No person, with purpose to deprive the owner of property

or services, shall knowingly obtain or exert control over either the property or services

….[w]ithout the consent of the owner or person authorized to give consent." Count Six of

the indictment alleged Appellant took six firearms, while Count Seven alleged he took a

six-string Taylor guitar from an elderly person.

**{¶18}** In *State v. Skapik*, 2nd Dist. Champaign No. 2015-CA-5, 2015-Ohio-4404,

42 N.E.3d 790, the defendant was convicted of four separate theft counts for stealing a

bulletproof vest, two firearms, and other items from a deputy sheriff's vehicle. The court

concluded this conduct constituted a single offense committed with a single animus

resulting in a single harm against a single victim, and thus under *Ruff, supra,* the theft

offenses were allied offenses. *Id.* at ¶13.

**{¶19}** The facts as set forth in the recitation of facts at the time Appellant entered

his guilty plea demonstrate Appellant took all six firearms and the guitar from the victim's

home on the same night. Appellant has demonstrated a reasonable probability had

counsel raised an allied offense claim as to the two counts of theft, the offenses would

have been found to be allied offenses of similar import. We find plain error in the failure

to merge the two counts of theft.

**{¶20}** Appellant further was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which provides:

(A)No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1)Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

**{¶21}** This Court has previously found theft counts should merge with an aggravated robbery conviction. *See State v. Lewis,* 5th Dist. Richland No. 15 CA 106, 2016-Ohio-7002, 72 N.E.3d 48, ¶27 (merged theft offenses should have been merged with aggravated robbery occurring during the same home invasion); *State v. Lewis*, 5th Dist. Licking No. 15 CA 106, 2016-Ohio-7002, 72 N.E.3d 48, ¶¶ 25-27 (robbery and theft convictions should merge where both offenses stemmed from appellant's shoplifting of the same items).

**{¶22}** In the instant case, Appellant's aggravated robbery conviction stemmed from the same incident in which he entered the victim's home and stole six firearms and a guitar. The thefts were part and parcel to the conduct of Appellant that formed the basis of his conviction for aggravated robbery. Based on case precedent from this Court, Appellant has demonstrated a reasonable probability had counsel argued the offenses

were allied, the result of the sentencing proceeding would have been different as to those convictions. We therefore find plain error in failing to merge the theft offenses and the aggravated robbery conviction.

**{¶23}** Appellant was also convicted of kidnapping in violation of R.C. 2905.01(A)(2), which provides:

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
>
> (2) To facilitate the commission of any felony or flight thereafter[.]

**{¶24}** In *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), at the syllabus, the Ohio Supreme Court established a framework to analyze whether kidnapping and another offense were committed with a separate animus as to each pursuant to R.C. 2941.25(B):

> (a)Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a

separate animus as to each offense sufficient to support separate convictions;

(b)Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

{¶25} Applying *Logan,* this Court found in *State v. Small*, 5th Dist. Delaware No. 10CAA110088, 2011-Ohio-4086 the defendant's commission of kidnapping was merely incidental to aggravated burglary where he took the victims to another room and tied them up in order to commit the aggravated burglary. The kidnapping was part and parcel of the burglary, the restraint of movement had no significance apart from facilitating the commission of the burglary, and the restraint did not subject the victims to a substantial increase in the risk of harm separate from that involved in the underlying crime. *Id.* at ¶95.

{¶26} The facts as set forth in the guilty plea transcript demonstrate a reasonable probability the offense of kidnapping was allied to the aggravated robbery charge. Appellant took the victim from the toilet, walked him to a chair in the living room, and told the victim to sit in the chair. Appellant tied the victim's feet with an electric extension cord and pushed the chair, with the victim in it, to the bedroom. The chair would not fit through the bedroom door, so Appellant took the victim out of the chair, placed him on the bed, and pushed him backwards. Appellant tied the victim's hands together, and used packaging tape to cover his mouth. During this time, Appellant yelled for the keys to the

safe. The limited record before this court demonstrates a reasonable probability the kidnapping was part and parcel of the aggravated robbery and the restraint of the victim's movement had no significance apart from facilitating the commission of the aggravated robbery. Nor does the record demonstrate the restraint subjected the victim to a substantial increase in the risk of harm separate from that involved in the underlying crime.

{¶27} However, because appellant failed to raise this issue, the State was not placed on notice of a need to place in the record potential additional facts which might demonstrate the restraint of movement had significance apart from facilitating commission of the aggravated robbery, or the restraint subjected the victim to a substantial increase in the risk of harm separate from that involved in the underlying crime. We therefore remand to the trial court for further hearing on the issue of whether the kidnapping conviction should merge with the aggravated robbery conviction.

{¶28} Appellant was also convicted of felonious assault in violation of R.C. 2903.11(A)(2), which provides no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

{¶29} In *State v. Napier*, 5th Dist. Muskingum No. CT2015-0044, 2016-Ohio-2967, ¶ 32, we found the offenses of felonious assault and aggravated robbery did not merge:

> We find Appellant caused separate identifiable harm in the commission of both the felonious assault offense and the offense of aggravated robbery. First, Appellant committed felonious assault when he

struck Thompson in the mouth causing serious physical harm by knocking out Thompson's tooth. Thereafter, Appellant committed aggravated robbery, by using a deadly weapon while taking Thompson's money. We find separate harm resulted from each offense. Accordingly, we find the trial court did not error in convicting and sentencing Appellant on both the offense of felonious assault and the offense of aggravated robbery.

{¶30} In the instant case, Appellant has not demonstrated a reasonable probability the offense of felonious assault would have merged with the remaining charges. The charge of aggravated robbery was completed when Appellant attempted to commit the theft and brandished the knife. Subsequently, hitting the victim in the head with the firearm caused a risk of harm to the victim separate and distinct from the aggravated robbery, kidnapping, or theft offenses. The record does not suggest the felonious assault was part and parcel of the remaining charges. Accordingly, Appellant has not demonstrated plain error in failing to merge the offense of felonious assault with any of the other offenses.

{¶31} The first assignment of error is sustained as to the sentences for theft, aggravated robbery and kidnapping, but overruled as to the sentence of felonious assault.

II

{¶32} Appellant's second assignment of error is rendered moot by our disposition of his first assignment of error.

{¶33} Appellant's convictions on all charges and the firearm specification are affirmed. The sentence is vacated as to the remaining charges and this case is remanded

to the trial court for a hearing on the issue of whether the kidnapping offense should merge with aggravated robbery as an allied offense of similar import, and for resentencing in accordance with such determination and with our decision regarding merger of the thefts and aggravated robbery offenses.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur