[Cite as *State v. McLaughlin*, 2019-Ohio-1583.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2018-0055 |
| KENNETH McLAUGHLIN | |
| Defendant-Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0296 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2019 |


APPEARANCES:

For Plaintiff-Appellee

MICHAEL HADDOX
Muskingum County Prosecutor

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
27 North Fifth Street, 2nd Floor
Zanesville, Ohio 43702

For Defendant-Appellant

JAMES A. ANZELMO
Anzelmo Law
446 Howland Drive
Gahanna, Ohio 43230

*Hoffman, P.J.*

**{¶1}** Appellant Kenneth McLaughlin appeals the judgment entered by the Muskingum County Common Pleas Court re-sentencing him to fifteen years incarceration for aggravated robbery (R.C. 2911.01(A)(1)), felonious assault with a firearm specification (R.C. 2903.11(A)(2), R.C. 2941.145), kidnapping with a firearm specification (R.C. 2905.01(A)(2), R.C. 2941.141), theft of firearms (R.C. 2913.02(A)(1) ) and theft of an elderly victim (R.C. 2913.02(A)(1) ).  Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** Before 3:00 a.m. on August 24, the 87–year–old victim woke up to use the bathroom. He did not have his hearing aids in his ears. While sitting on the toilet, he realized there was a person in the bathroom talking to him, but he could not hear what the person was saying. He described the person, later identified as Appellant, as a white male with a bandana on his face. Appellant had a knife which he waved at the victim. Appellant continued to yell and talk at the victim, who could not hear what Appellant was saying.

**{¶3}** Appellant took the victim from the toilet, walked him to a chair in the living room, and told the victim to sit in the chair. Appellant tied the victim's feet with an electric extension cord and pushed the chair, with the victim in it, to the bedroom. The chair would not fit through the bedroom door, so Appellant took the victim out of the chair, placed him on the bed, and pushed him backwards.

**{¶4}** Appellant yelled at the victim, asking for the keys to two safes in the bedroom. Appellant tied the victim's hands together, and used packaging tape to cover his mouth. Appellant found an AK47 on a gun rack, which he threatened to hit the victim with unless he was given the keys to the safe.

{¶5}   Appellant then took the butt of the rifle and hit the victim in the forehead. The gun discharged into the ceiling. Appellant took six guns and a guitar from the house and left.

{¶6}   The victim waited until he believed Appellant was gone, then unbound his hands and feet and drove to his son's house. He was so nervous and shaken he could not pull the tape off his mouth, so he sat outside the house and honked his car horn until his son came out.

{¶7}   Family members identified Appellant as a possible suspect in the case. On the garage floor of the home, police found a wallet and identification belonging to Appellant.

{¶8}   Appellant was indicted by the Muskingum County Grand Jury with one count of aggravated burglary with a firearm specification, one count of aggravated robbery with a firearm specification, one count of felonious assault with a firearm specification, two counts of kidnapping with firearm specifications, one count of theft of firearms, and one count of theft from an elderly victim. The State dismissed the charge of aggravated burglary and the accompanying firearm specification, and one count of kidnapping with a firearm specification, as well as the firearm specification attached to the charge of aggravated robbery. Appellant entered a plea of guilty to the remaining charges.

{¶9}   The trial court sentenced Appellant to six years incarceration for aggravated robbery, two years incarceration for felonious assault with an additional three years incarceration for the accompanying firearm specification, three years incarceration for kidnapping with an additional one year for the firearm specification, twelve months incarceration for theft of firearms, and twelve months incarceration for theft from an elderly

victim. The court ordered all sentences to be served consecutively except for the twelve months for theft from an elderly victim which was to be served concurrently to the remaining charges, for an aggregate term of sixteen years.

{¶10} Appellant filed an appeal to this Court. We found plain error in failing to merge the theft offenses and the aggravated robbery conviction. *State v. McLaughlin*, 5th Dist. Muskingum No. CT2017-0104, 2018-Ohio-2333, ¶22. We further found the felonious assault conviction did not merge with the convictions for theft, aggravated robbery, or kidnapping. *Id.* at ¶30. As to the issue of merger of the aggravated robbery and kidnapping offenses, we found a reasonable probability of error existed and remanded the issue to the trial for further hearing.

{¶11} On remand, the court held a new sentencing hearing. At the hearing, the State presented no additional facts, but argued the restraint of the victim subjected him to an increased risk of harm separate and apart from the aggravated robbery, and he in fact suffered such harm by way of the felonious assault. Tr. 12. The trial court agreed, and declined to merge the two offenses. The court resentenced Appellant to six years incarceration for aggravated robbery, two years incarceration for felonious assault with an additional three years incarceration on the attached firearm specification, and three years incarceration for kidnapping with an additional one year incarceration on the attached firearm specification. The court ordered all sentences to run consecutively for an aggregate prison term of fifteen years.

{¶12} It is from the August 1, 2018 judgment of resentencing Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED BY FAILING TO MERGE MCLAUGHLIN'S KIDNAPPING AND AGGRAVATED ROBBERY OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶13}** R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶14}** In the syllabus of *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶15}** The Court further explained:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single

victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶16}** *Id.* at ¶¶ 25–26.

**{¶17}** The trial court's R.C. 2941.25 determination is subject to de novo review. *State v. Williams*, 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 12.

**{¶18}** Appellant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which provides:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

**{¶19}** Appellant was also convicted of kidnapping in violation of R.C. 2905.01(A)(2), which provides:

(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

(2) To facilitate the commission of any felony or flight thereafter[.]

{¶20} In *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), at the syllabus, the Ohio Supreme Court established a framework to analyze whether kidnapping and another offense were committed with a separate animus as to each pursuant to R.C. 2941.25(B):

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

{¶21} Applying *Logan*, this Court found in *State v. Small*, 5th Dist. Delaware No. 10CAA110088, 2011–Ohio–4086, the defendant's commission of kidnapping was merely incidental to aggravated burglary where he took the victims to another room and tied them up in order to commit the aggravated burglary. The kidnapping was part and parcel of the burglary, the restraint of movement had no significance apart from facilitating the commission of the burglary, and the restraint did not subject the victims to a substantial increase in the risk of harm separate from that involved in the underlying crime. *Id.* at ¶ 95.

{¶22} Based on this case law, this Court held on Appellant's first appeal as follows:

The facts as set forth in the guilty plea transcript demonstrate a reasonable probability the offense of kidnapping was allied to the aggravated robbery charge. Appellant took the victim from the toilet, walked him to a chair in the living room, and told the victim to sit in the chair. Appellant tied the victim's feet with an electric extension cord and pushed the chair, with the victim in it, to the bedroom. The chair would not fit through the bedroom door, so Appellant took the victim out of the chair, placed him on the bed, and pushed him backwards. Appellant tied the victim's hands together, and used packaging tape to cover his mouth. During this time, Appellant yelled for the keys to the safe. The limited record before this court demonstrates a reasonable probability the kidnapping was part and parcel of the aggravated robbery and the restraint of the victim's movement had

no significance apart from facilitating the commission of the aggravated robbery. Nor does the record demonstrate the restraint subjected the victim to a substantial increase in the risk of harm separate from that involved in the underlying crime.

However, because appellant failed to raise this issue, the State was not placed on notice of a need to place in the record potential additional facts which might demonstrate the restraint of movement had significance apart from facilitating commission of the aggravated robbery, or the restraint subjected the victim to a substantial increase in the risk of harm separate from that involved in the underlying crime. We therefore remand to the trial court for further hearing on the issue of whether the kidnapping conviction should merge with the aggravated robbery conviction.

{¶23} *State v. McLaughlin*, 5th Dist. Muskingum No. CT2017-0104, 2018-Ohio-2333, ¶¶ 26-27.

{¶24} Appellant argues because the State failed to present any additional facts to demonstrate the restraint of movement had significance apart from facilitating the commission of the aggravated robbery, based on our earlier opinion, the offenses of kidnapping and aggravated robbery are allied offenses.

{¶25} We note in our earlier opinion, we were concerned only with whether there was a "reasonable probability" the offenses were allied, such as to require reversal for a new sentencing hearing under the standard of review for plain error. We found such reasonable probability based on the facts set forth in the transcript.

**{¶26}** Although no additional facts were set forth in the resentencing hearing, we now apply de novo the standard set forth in *Logan, supra,* rather than looking only to whether there is a reasonable probability the offenses merge.  As set forth above, in the syllabus of *State v. Logan,* the Ohio Supreme Court held, "Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."  While we find tying the victim to the chair, moving him to the bedroom in the chair, and tying his hands together did not subject him to a substantial risk of harm separate and apart from the underlying crime, we now conclude the restraint of the 87-year-old victim by covering his mouth with packaging tape did subject him to a substantial risk of harm separate and apart from the aggravated robbery.  Given the age of the victim, covering his mouth risked harm by choking or suffocation, and together with the tying of his hands and feet and threats of death by first a knife and later a rifle did create a substantial risk of harm separate from the aggravated robbery.

**{¶27}** Further,  while the record reflects the victim was able to untie his hands and feet and drive to his son's house after Appellant left the victim's house, the victim was so nervous and shaken he could not pull the tape off his mouth, so he sat outside the house and honked his car horn until his son came out.  Thus the restraint caused by gagging the victim was prolonged.

{¶28} The assignment of error is overruled. The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur