[Cite as *State v. Taylor-Hollingsworth*, 2020-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-873 |
| v. | : | (C.P.C. No. 18CR-4855) |
| Richard J. Taylor-Hollingsworth, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee. **Argued:** *Steven L. Taylor*.

**On brief:** *James Sweeney Law, LLC,* and *James S. Sweeney*, for appellant. **Argued:** *James S. Sweeney.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Richard J. Taylor-Hollingsworth, appeals a judgment of the Franklin County Court of Common Pleas entered on October 17, 2018, sentencing him on a guilty plea to 16 years in prison for aggravated robbery, felonious assault, and associated firearm specifications. Because the trial court completely omitted to advise Hollingsworth during the plea colloquy that the sentence would include a mandatory term of post-release control, it failed to comply with Crim.R. 11, and thus we vacate the plea and remand the case to the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 28, 2018, Hollingsworth was indicted for aggravated robbery, felonious assault, and having a weapon while under disability, as well as firearm specifications and repeat violent offender specifications associated with the aggravated

robbery and felonious assault counts.[1]  (Sept. 28, 2018 Indictment.)  A short time later, Hollingsworth pled guilty to aggravated robbery, felonious assault, and the firearm specifications, in exchange for dismissal of the weapon under disability count and the repeat violent offender specifications.  (Oct. 10, 2018 Plea Form at 1-2.)

{¶ 3}   Among other notices not relevant to this appeal, Holingsworth's plea form indicated that he would be subject to five years of mandatory post-release control in relation to the first-degree felony (aggravated robbery), and a mandatory three years in relation to the second-degree felony (felonious assault).  *Id.* at 2.  The form also included the following notice regarding post-release control:

> I understand that the Adult Parole Authority will administer post-release control pursuant to R.C. 2967.28 and that any violation of a post-release control condition could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months.  The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed.  I understand that if the violation of post-release control constitutes a felony, I may be prosecuted, convicted and sentenced on that new felony.  The court in that new felony case may terminate the term of post-release control in this case and either: (1) in addition to any prison term imposed for the new felony, impose a consecutive prison term for the post-release control violation of either 12 months or the amount of time left on post-release control, whichever is greater, or (2) impose community control sanctions for the post-release control violation to be served concurrently or consecutively to any community control sanctions imposed for the new felony.

(Oct. 10, 2018 Plea Form at 2.)  Hollingsworth was also provided with a separate written notice that set forth the terms of post-release control and contained a certification, "I hereby certify that the Court read to me, and gave me in writing, the notice set forth herein." (Oct. 10, 2018 Notice Prison Imposed.)   Hollingsworth's attorney signed the form but, according to a notation on the form, Hollingsworth declined to sign it.  *Id.*

{¶ 4}   Regarding the penalty that could be imposed if Hollingsworth pled guilty, the trial court orally informed Hollingsworth:

---

[1] The indictment was apparently a reindictment of an earlier case in order to modify certain language in the original indictment.  (Oct. 10, 2018 Plea & Sentencing Tr. at 4, filed Dec. 26, 2018.)

> On the aggravated robbery, it's possible to get up to 11 years on the aggravated robbery plus it's mandatory for a three-year firearm specification to be served consecutively.
>
> On the felonious assault, it's possible to get up to eight years of incarceration. Again, it's mandatory for the three-year firearm specification to be served consecutively. It's also possible to get a fine up to $20,000 on the agg. rob and up to $15,000 on the felonious assault.

(Oct. 10, 2018 Plea & Sentencing Tr. at 5.)  The trial court did not orally mention post-release control.

{¶ 5}  The trial court then accepted Hollingsworth's guilty plea and sentenced him to serve 16 years in prison, 10 years for the aggravated robbery, 7 concurrent years for the felonious assault, and 3 consecutive years for each of the 2 firearm specifications.  *Id.* at 7, 15-16; Oct. 17, 2018 Jgmt. Entry at 2.  Hollingsworth did not object at any point in the sentencing and he has not filed a motion to withdraw his plea.

{¶ 6}  Hollingsworth now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 7}  Hollingsworth assigns a single error for review:

> DEFENDANT-APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 8}  Hollingsworth argues that his plea was invalid because the trial court failed to advise him as required by Crim.R. 11 of the nature of the charges and the maximum penalties involved.  (Hollingsworth's Brief at 2-7.) S*ee also* Crim.R. 11(C)(2)(a). Specifically, Hollingsworth argues that the trial court failed to orally advise him of the term of post-release control.  (Hollingsworth's Brief at 2-7.)  Because Hollingsworth did not raise the post-release control notification issue at any juncture in the trial court, the State argues that it should be considered forfeited and only reviewed under a plain error analysis. (State's Brief at 22-32.) S*ee also, e.g.*, *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22; *State v. Johnson*, 40 Ohio St.3d 130, 132 (1988).  The State argues that Hollingsworth must show "*clear* outcome determination" as a result of the error.  (Emphasis sic.) (State's

Brief at 28-30.) However, courts have declined to apply that strict standard when the issue is squarely presented.

{¶ 9} Further, Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Approximately five years after this rule was adopted, in 1978, the Supreme Court of Ohio held that "a jury instruction violative of R.C. 2901.05(A) does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 96-97 (1978). Thus, jury verdicts generally may not be inquired into. Evid.R. 606(B). The rule against inquiry into verdicts and the inherent difficulty in proving a hypothetical, make it virtually impossible to prove that a jury would "clearly" have reached a different decision "but for the error." *Long* at 96-97. Despite the difficulty of applying *Long* literally, the language of *Long* has been widely applied in a variety of contexts in Ohio law.

{¶ 10} However, in 2015, the Supreme Court brought this plain error jurisprudence in line with the federal system when it explained the exact burden the accused bears in showing that an error affected the outcome:

> [E]ven if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." [*State v. Barnes*, 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240 (2002).] The accused is therefore required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims. *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (construing Fed.R.Crim.P. 52(b), the federal analog to Crim.R. 52(B), and also noting that the burden of proving entitlement to relief for plain error "should not be too easy").

(Emphasis sic.) *Rogers* at ¶ 22. The Supreme Court adopted the language of the United States Supreme Court in order to clarify that an accused need only show a reasonable probability (rather than a clear proof) that but for an error, the outcome of the trial would have been otherwise. As the Supreme Court put it two years after *Rogers*:

> Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the

> outcome of the trial." [*Barnes*, 94 Ohio St.3d at 27.] <u>We recently clarified</u> in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

(Emphasis added.) *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, ¶ 33; *but see id.* at ¶ 66 (Fischer, J., dissenting) (indicating that he would revert to the "clearly would have been otherwise" language).

{¶ 11} As the State recognizes, the language of *Long* has sometimes continued to be repeated, even post *Rogers*. (State's Brief at 28-29 (citing cases).) Cases that repeat this language tend to be cases in which the standard was not at issue and where the author (possibly relying on old boilerplate) failed to cite or consider *Rogers*. See, e.g., *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 39; *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 67. However, the last Supreme Court case to use the language, "clearly would have been otherwise," was *Clinton* in 2017. Conversely, more recent Supreme Court cases from 2018 have used the language of *Rogers*. *See State v. Tench*, 156 Ohio St.3d 85, 2018-Ohio-5205, ¶ 218; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 130.

{¶ 12} In light of the history we have recounted, the essential impossibility of meeting the proof required by *Long* (were its language construed strictly), the guidance from the United States Supreme Court, and recent cases of the Supreme Court of Ohio, we believe the sounder legal standard is that enunciated by *Rogers* and confirmed as an intentional clarification by *Thomas*: an accused seeking to show that an obvious error affected his or her substantial rights (and thereby, the outcome of the criminal proceeding) must "demonstrate a reasonable *probability* that the error resulted in prejudice," such that there is a "probability of a different result [that] is sufficient to undermine confidence in the outcome of the proceeding." (Internal quotation marks omitted and emphasis sic.) *Myers*, 2018-Ohio-1903, at ¶ 130; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004); *Tench* at ¶ 218; *Thomas* at ¶ 33; *Rogers* at ¶ 22.

{¶ 13} However, the Supreme Court of Ohio has also held that a trial court's failure to comply with the Crim.R. 11 notifications may be raised by motion to withdraw a plea or on direct appeal and that, "[i]f the trial court fails during the plea colloquy to advise a

defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one and two of the syllabus. *Sarkozy* did not expressly consider what standard of review would apply in the event a defendant failed to raise the issue in the trial court by any means. *Sarkozy* at ¶ 5, 17-18. Yet, it did make clear, both in the portion of the syllabus quoted and later in the decision, that "[a] complete failure to comply with the rule does not implicate an analysis of prejudice." *Sarkozy* at ¶ 22.

{¶ 14} We therefore apply plain error analysis as set forth by *Rogers*. But we proceed with the understanding that, if the trial court "complete[ly] failed to comply with the rule," *Sarkozy* has carved out an exception to the general plain error standard and has mandated reversal without consideration of prejudice.

**B. Whether the Trial Court Committed Plain Error in Failing to Orally Advise Hollingsworth of Post-Release Control in Connection with his Guilty Plea**

{¶ 15} Crim.R. 11 requires a court to engage in a colloquy with the defendant in relevant part as follows:

> (2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with *understanding of the nature of the charges and of the* maximum *penalty involved*, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(Emphasis added.) Crim.R. 11(C)(2)(a); *see also* R.C. 2943.032(A) (requiring the court to "inform the defendant personally" of the consequences should the defendant violate post-release control conditions). The Supreme Court has clarified that this requirement also includes information regarding post-release control:

> 1. If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal.

2. If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause.

*Sarkozy* at paragraphs one and two of the syllabus.

{¶ 16} As was true in *Sarkozy*, the trial court here complied with Crim.R. 11(C)(2)(a) insofar as it advised Hollingsworth of the maximum prison penalty and maximum financial penalty. *Compare Sarkozy* at ¶ 21 *with* Oct. 10, 2018 Plea & Sentencing Tr. at 5. Unlike the defendant in *Sarkozy*, Hollingsworth was advised of post-release control in writing. (Oct. 10, 2018 Plea Form at 2; Oct. 10, 2018 Notice Prison Imposed.) Yet, the trial court simply did not, "during the plea colloquy," "address[] the defendant personally" and "advise [the] defendant that the sentence will include a mandatory term of postrelease control." *Sarkozy* at paragraph two of the syllabus; Crim.R. 11(C)(2). Under *Sarkozy*, this constitutes "[a] complete failure to comply with the rule," "does not implicate an analysis of prejudice," and thus we, as the reviewing court, "must vacate the plea and remand the cause." *Sarkozy* at ¶ 22, paragraph two of the syllabus.

{¶ 17} Although we recognize that this Court has previously found written notice to be sufficient on occasions, even after *Sarkozy*, we find such cases to be distinguishable. *See State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 12-25, 40 (discussing cases and distinguishing *Sarkozy*); *State v. Knowles*, 10th Dist. No. 10AP-119, 2011-Ohio-4477, ¶ 9, 18-19 (same). For example, in *Williams*, although the defendant was not orally advised during his plea hearing of post-release control, he did receive a written notice of post-release control in his plea form and (unlike in this case) he "acknowledged he reviewed the plea form with his attorney who explained the rights he was waiving and the possible consequences of entering the plea." *Williams* at ¶ 2. Likewise, in *Knowles*, the defendant signed a plea form that properly advised him of a five-year period of mandatory post-release control and sanctions for violating the post-release control. *Knowles* at ¶ 18. Then, unlike in this case, "[d]uring the plea hearing, [Knowles] acknowledged reading the plea form and discussing it with counsel, and he further indicated he understood the document." *Id.* In short, in cases where this Court has found written notice to be sufficient after *Sarkozy*, the

written notice at least has been orally discussed and acknowledged by the defendant during the plea. Here, not even that occurred.[2]

{¶ 18} For the reasons stated, we distinguish *Williams* and *Knowles* and follow *Sarkozy*. We therefore sustain Hollingsworth's assignment of error.

## IV.   CONCLUSION

{¶ 19} As Hollingsworth did not raise the issue in the trial court, we would apply plain error review. However, because we find that the trial court "complete[ly]" failed to mention post-release control or even reference the written notice during the plea proceedings, we apply the *Sarkozy* exception which requires us to disregard questions of prejudice. Finding that the trial court did not orally advise Hollingsworth regarding post-release control, we reverse, vacate Hollingsworth's plea, and remand to the Franklin County Court of Common Pleas.

*Judgment reversed, plea vacated,*
*and cause remanded.*

BEATTY BLUNT and NELSON, JJ., concur.

NELSON, J., concurring.

{¶ 20} I agree that the outcome in this case is governed by the binding precedent of the Supreme Court of Ohio in *Sarkozy*, and I would begin and end our analysis there. I join in the judgment of the court.

--------

[2] Of course, cases in which the written notice was accompanied by some oral discussion of post-release control are even easier to distinguish. *See, e.g.*, *State v. Chandler*, 10th Dist. No. 10AP-369, 2010-Ohio-6534, ¶ 14 (oral mention of five-year period of post-release control during plea hearing).