[Cite as *State v. Shannon*, 2021-Ohio-1396.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| WILLIAM D. SHANNON | : | Case No. 2020 CA 51 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2019CR0657


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    April 19, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH SNYDER                        STEVEN P. BILLING
38 South Park Street                    P.O. Box 1671
Mansfield, OH  44902                    Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant William D. Shannon appeals the June 24, 2020 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 16, 2019, Armon Huguely and his brother Emir Hemphill were looking to buy $20 worth of marijuana. They contacted Kayne Perry, a former schoolmate of Huguely's via Snapchat. Perry agreed to sell Huguely and Hemphill marijuana and directed them to come to his house.

{¶ 3}   Since Huguely did not have a car, Hemphill called his friend Keyara for a ride and told her he and his brother were going to buy marijuana. Keyara arrived 20 minutes later in a gold SUV, but was not driving. A middle-aged woman unknown to Huguely and Hemphill but later identified as Susan Singleton was driving. Shannon was seated in the front passenger seat and Keyara was in the back seat. Neither Huguely nor Hemphill had ever met Shannon. The brothers got in the back seat with Keyara, and Singleton drove to Perry's home.

{¶ 4}   Upon arrival at Perry's apartment, Perry's roommate came out and told Singleton where to park. Huguely got out of the SUV and entered the apartment. The other's stayed in the SUV.

{¶ 5}   Huguely spoke with Perry in his living room. He noticed an assault-style rifle propped in a corner. At some point, Shannon entered the apartment, used the bathroom, then silently sat in the living room with Huguely and Perry. Shortly thereafter Shannon stood, drew a pistol and pointed it at Perry's face. As that happened Perry reached for

the rifle. Shannon yelled at Huguely to grab the rifle. As Huguely and Perry struggled over the gun, Shannon fired multiple shots, hitting Perry in his left hip. When Perry fell to the ground, Huguely grabbed Perry's rifle and ran out of the house. Huguely threw the gun into the back of the gold SUV, stated he had a bag with "a lot of weed in it" and then got back into the vehicle. Transcript of trial (T.) 430. Once there he heard additional shots.

{¶ 6}   Meanwhile, inside the house, Shannon began to chase Perry's roommate who eventually escaped by jumping out a window. On his way out of the apartment, Shannon shot Perry's dog. Shannon then jumped back into the front seat of the SUV and continued to fire shots at the apartment as Singleton drove away at a high rate of speed. Singleton drove to her home where Shannon began washing his gun in an attempt to remove his fingerprints.

{¶ 7}   The shots fired by Shannon at Perry broke both of Perry's hips and fractured his lower back. Perry's dog survived her injuries.

{¶ 8}   As a result of these events, on August 9, 2019, the Richland County Grand Jury returned an indictment charging Shannon with one count of aiding and abetting aggravated robbery, a felony of the first degree, one count of aiding and abetting felonious assault, a felony of the second degree, and one count of aiding and abetting prohibitions concerning companion animals, a felony of the fifth degree. Each count contained a firearm specification.

{¶ 9}   Shannon entered pleas of not guilty to the charges and opted to proceed to a jury trial which began on June 18, 2020.  The jury found Shannon guilty as charged. Shannon was subsequently sentenced to ten years for aiding and abetting aggravated robbery, seven years for aiding and abetting felonious assault, and twelve months for

aiding and abetting prohibitions concerning companion animals. Shannon was additionally sentenced to three years for each firearm specification. He was ordered to serve these sentences consecutively.

{¶ 10} Shannon filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS, IN ENTERING JUDGMENT OF CONVICTION ON COUNT ONE AIDING AND ABETTING ROBBERY AND COUNT TWO AIDING AND ABBETIN AGGRAVATED FELONIOUS ASSAULT, AS THOSE ARE ALLIED OFFENSES OF SIMILAR IMPORT, AND BY SENTENCING APPELLANT TO CONSECUTIVE SENTNECES ON ALLED OFFENSES, THE COURT VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY."

II

{¶ 12} "APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUSEL IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION OF THE LAW, AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION, WHER TRIAL COUNSEL FAILED TO MITIGATE AND ARGUE FOR MERGER DURING THE SENTENCING PHASE."

I

{¶ 13} In his first assignment of error, Shannon argues the trial court abused its discretion by failing to merge his convictions for aiding and abetting aggravated robbery and aiding and abetting felonious assault as allied offenses. We disagree.

{¶ 14} R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 15} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 16} The *Ruff* court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.  When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.  Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.  We

therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶ 17} Shannon was charged with one count of aiding and abetting aggravated robbery pursuant to R.C. 2911.01(A)(1). To prove the charge the state was required to produce evidence to show Shannon aided another in committing a theft offense, and displayed, brandished, or used a deadly weapon to do so. Shannon was also charged with aiding or abetting felonious assault pursuant to R.C. 2903.11(A)(2). This charge required the state to prove Shannon, while aiding and abetting another knowingly caused or attempted to cause serious physical harm to another by means of a deadly weapon.

{¶ 18} Shannon argues because there was only one victim and the offenses occurred over the span of a few seconds they must merge for sentencing. But we have previously found aggravated robbery and felonious assault are not allied offenses. See *State v. Napier*, 5th Dist. Muskingum No. CT2015-0044, 2016-Ohio-2967, ¶ 32; *State v. McLaughlin*, 5th Dist. No. CT2017-0104, 2018-Ohio-2333, ¶¶ 29-30 citing *Napier*. We find the same here.

{¶ 19} The charge of aiding and abetting aggravated robbery was complete when Shannon drew his gun, pointed it at Perry's face allowing Huguely to flee with "a bag that had a lot of weed in it." T. 233, 329, 430, *McLaughlin* ¶ 30. Shannon then caused a separate and identifiable harm when he chose to fire his weapon, striking Perry in the hip. T. 239, 335. Because we find separate harm resulted from each offense, the trial court

did not error in convicting and sentencing Shannon on both the offense of aiding and abetting felonious assault and the offense of aiding and abetting aggravated robbery.

{¶ 20} The first assignment of error is overruled.

II

{¶ 21} In his second assignment of error, Shannon argues his trial counsel rendered ineffective assistance by failing to make a stronger argument for merger of the charges of aiding and abetting aggravated robbery and aiding and abetting felonious assault. We disagree.

{¶ 22} The standard this issue must be measured against is set out in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle*, 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623 [1976]; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, [1984] followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 23} Based upon our resolution of Shannon's first assignment of error, we conclude trial counsel was not ineffective. The second assignment of error is overruled.

{¶ 24} The judgment of the Richland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Hoffman, J. and

Delaney, J. concur.

EEW/rw