[Cite as *State v. Taylor-Hollingsworth*, 2023-Ohio-4435.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-527 |
| v. | : | (C.P.C. No. 18CR-4855) |
| Richard J. Taylor-Hollingsworth, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 7, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh* for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex* for appellant.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Richard J. Taylor-Hollingsworth, appeals from the August 10, 2022 judgment entry of the Franklin County Court of Common Pleas sentencing him to an aggregate term of 16 years in prison for committing the offenses of aggravated robbery and felonious assault. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 28, 2018, appellant was indicted by a Franklin County Grand Jury for aggravated robbery in violation of R.C. 2911.01, a felony of the first degree (Count One); felonious assault in violation of R.C. 2903.11, a felony of the second degree (Count Two); and having weapons under disability in violation of R.C. 2923.13, a felony of the third degree (Count Three). Counts One and Two also included firearm and repeat violent offender specifications in violation of R.C. 2941.145(A) and 2941.149(A), respectively.

{¶ 3} On October 10, 2018, appellant pleaded guilty, pursuant to a plea agreement, to aggravated robbery and felonious assault with firearm specifications, in exchange for dismissal of the having weapons while under disability count and the repeat violent offender specifications. The trial court accepted appellant's plea and immediately moved to a sentencing hearing. At the conclusion of the hearing, the trial court sentenced appellant to serve an aggregate term of 16 years in prison. Specifically, the trial court ordered appellant to serve ten years of incarceration for aggravated robbery, with a consecutive three-year sentence for the firearm specification, and seven years for felonious assault, with a consecutive three-year sentence for the firearm specification. The trial court ordered the felonious assault and aggravated robbery sentences to be run concurrent with each other, and the firearm specifications to run consecutive to the primary convictions. Appellant appealed the trial court's sentence arguing that the plea was not made knowingly, intelligently, and voluntarily because the trial court did not give any advisement concerning the mandatory imposition of post-release control. On January 30, 2020, this court found the trial court plainly erred during the plea colloquy by failing to advise appellant that the sentence included a mandatory term of post-release control. *State v. Taylor-Hollingsworth*, 10th Dist. No. 18AP-873, 2020-Ohio-278, *discretionary appeal not allowed*, 2020-Ohio-3018. Accordingly, we vacated appellant's plea and remanded the matter back to the trial court.

{¶ 4} On August 10, 2022, the trial court held a second sentencing hearing in this matter. Appellant, after being advised of his rights pursuant to Crim.R. 11, entered a plea of guilty to the aggravated robbery and felonious assault offenses with firearm specifications. The having weapons while under disability charge and repeat violent offender specifications were dismissed nolle prosequi.

{¶ 5} The parties proceeded to a sentencing hearing pursuant to R.C. 2929.19. During the hearing, the state delivered an oral summary of the case. Counsel for the appellant raised no objection to the state's recitation of the underlying facts. (Aug. 10, 2022 Tr. at 6-7.)

{¶ 6} According to the state, on August 27, 2017, at approximately 1:32 a.m., the victims in this case, M.B. and G.T., stopped at the Sunoco gas station located at 2281 Sullivant Avenue in Columbus, Ohio. As M.B.—wearing a large gold chain—exited his

vehicle, he observed G.T. speaking with two individuals, one of which was later identified as appellant. G.T. heard the two individuals state that they could rob M.B. Appellant then proceeded to brandish a firearm. To avoid an altercation, M.B. continued into the Sunoco gas station store. Surveillance video showed that appellant followed M.B. and chased him around the inside of the store. Appellant pursued M.B out of the store and down a nearby alleyway. Appellant then shot M.B. in the back. While on the ground, appellant ripped the chain off M.B.'s neck. While the unidentified individual told appellant to kill M.B, appellant declined and fled the scene.

{¶ 7} At the conclusion of the hearing, the trial court imposed an aggregate term of 16 years in prison. Specifically, the trial court sentenced appellant to ten years of incarceration for aggravated robbery with an additional three-year sentence for the firearm specification. The trial court also imposed seven years of incarceration for the felonious assault with an additional three-year sentence for the firearm specification. While trial court determined that the aggravated robbery and felonious assault convictions did not merge, it ordered the convictions to run concurrent with each other but consecutive to the firearms specifications. The trial court found appellant was entitled to 225 days of jail-time credit.

{¶ 8} Appellant filed a timely appeal in this matter.

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following as trial court error:

> The trial court erred in failing to merge Mr. Taylor Hollingsworth's convictions in counts one and two at sentencing in violation of R.C. 2941.25, the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 and 16 of the Ohio Constitution.

## III. STANDARD OF REVIEW

{¶ 10} A trial court's decision as to whether multiple offenses merge, pursuant to R.C. 2941.25, is a judicial determination, which we review de novo. *State v. Bailey*, ___ Ohio St. ___, 2022-Ohio-4407, ¶ 6, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1; *State v. McKnight*, 10th Dist. No. 20AP-595, 2022-Ohio-591, ¶ 34, citing *State v. Flood*, 10th Dist. No. 18AP-206, 2019-Ohio-2524, ¶ 25.

## IV. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 11} In appellant's sole assignment of error, he argues that the trial court erred by failing to merge the aggravated robbery and felonious assault convictions.

{¶ 12} The legal doctrine of merger is rooted in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as made applicable to the states through the Fourteenth Amendment. *State v. Pendleton*, 163 Ohio St.3d 114, 2020-Ohio-6833, ¶ 8. The Ohio Constitution similarly provides, "[n]o person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10. Among the protections afforded under the Double Jeopardy Clause, is the protection against multiple punishments for the same offense. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 10.

{¶ 13} The General Assembly codified the judicial doctrine of merger in R.C. 2941.25. The statute precludes the "cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when in substance and effect, only one offense has been committed." *State v. Roberts*, 62 Ohio St.2d 170, 172-73 (1980). R.C. 2941.25 directs:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} Ohio's felonious assault statute, R.C. 2903.11(A), provides: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." Additionally, the offense of aggravated robbery, as set forth under R.C. 2911.01, is defined as:

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;

(3) Inflict, or attempt to inflict, serious physical harm on another.

{¶ 15} The Supreme Court of Ohio has shaped the nature of our allied-offenses analysis under R.C. 2941.25 through its evolving interpretations of the statute. *See, e.g., State v. Logan*, 60 Ohio St.2d 126 (1979); *State v. Roberts*, 62 Ohio St.2d 170 (1980); *State v. Thomas*, 61 Ohio St.2d 254 (1980); *State v. Donald*, 57 Ohio St.2d 73 (1979); *State v. Blankenship*, 38 Ohio St.3d 116 (1988); *State v. Rance*, 85 Ohio St.3d 632 (1999); *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625; *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶ 16} In *Ruff*, the Supreme Court revisited its decision in *Johnson* to resolve when two or more offenses are allied offenses of a similar import as contemplated under R.C. 2941.25. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 1. The *Ruff* court found that when engaging in R.C. 2941.25 analysis, "courts must evaluate three separate factors— the conduct, the animus, and the import." *Id*. at paragraph one of the syllabus; *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 42. The Supreme Court explained that when determining whether two or more offenses are allied offenses of a similar import as contemplated under R.C. 2941.25, courts must ask three questions:

> (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?
> *Ruff* at ¶ 31.

{¶ 17} An answer in the affirmative to any of the above questions will permit separate convictions. *State v. Bailey*, ___Ohio St.3d ___, 2022-Ohio-4407, ¶ 10, citing *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, citing *Ruff* at ¶ 31. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff* at ¶ 26. When determining whether multiple offenses merge pursuant to R.C. 2941.25, a court must review the entire record. *State v. Junod*, 3d

Dist. No. 10-18-08, 2019-Ohio-743, ¶ 60, citing *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 24.

{¶ 18} Since *Ruff*, the Supreme Court has rejected "a bright-line rule for analyzing the issue of multiple punishments because a one-size-fits-all rule will not work in every situation. [*Ruff*] at ¶ 30. Rather, an allied-offenses analysis must be driven by the facts of each case." *State v. Ramunas*, ___Ohio St.3d___, 2022-Ohio-4199, ¶ 22 (Fischer, J., dissenting). "[B]ecause an offense may be committed in a variety of ways[,] and the offenses committed may have different import," the *Ruff* analysis must focus on the appellant's conduct to resolve whether one or more convictions may result. *Ramunas* at ¶ 22 (Fischer, J., dissenting). While a court's R.C. 2941.25 analysis has been properly applied as a legal question, "it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions." *Bailey*, 2022-Ohio-4407, at ¶ 11.

{¶ 19} Whether two offenses merge is a sentencing question and not an additional burden of proof shouldered by the state. *Washington* at ¶ 18. The defendant holds the burden to establish their entitlement to the protections under R.C. 2941.25 against multiple punishments for a single criminal act. *Id.*; *see also State v. Morris*, 12th Dist. No. CA2019-12-205, 2020-Ohio-4103, ¶ 15, citing *State v. Conrad*, 12th Dist. No. CA2018-01-016, 2018-Ohio-5291, ¶ 44 (finding defendant failed to meet their burden to demonstrate that his convictions for aggravated robbery, aggravated burglary, and kidnapping were allied offenses as the facts indicated that the crimes were each committed separately and with a separate animus).[1]

---

[1] There is no dispute regarding the underlying facts that form the basis for the felonious assault conviction, i.e., appellant shooting M.B. in the back causing him serious physical harm. However, the state contends there are three separate incidents that could constitute aggravated robbery: (1) when M.B. saw appellant outside the Sunoco and overheard, "we can rob this guy" before appellant pulled out a gun, which resulted in M.B. fleeing into the store; (2) when appellant chased M.B. around the interior of the store while brandishing a firearm; and (3) when appellant, while holding a gun and having just shot M.B, ripped the chain from the victim's neck. While appellant solely discusses the third theory in its brief, the state argues the first two theories are equally available as a basis to find that the felonious assault and aggravated robbery convictions were separate offenses. The state reasons that because appellant pleaded guilty to aggravated robbery in violation of R.C. 2911.01, felony of the first degree, the nature of the aggravated robbery was never narrowed to a single theory. The state also points to the language in the indictment and bill of particulars that support both R.C. 2911.01(A)(1) and (A)(2) analysis. Concerning the first two theories, the state posits that because the aggravated robbery was completed before the felonious assault, the offenses were committed separately and do not merge. "[I]f one offense is completed before the other begins, the offenses are considered separately for sentencing purposes even though the two offenses may have been committed in close proximity in time." *State v. Fields*, 12th Dist. No. CA2014-3-025, 2015-Ohio-1345, ¶ 18. However, because we find that the

**1. Offenses dissimilar in import or significance**

{¶ 20} Our analysis begins and ends with the first prong of the *Ruff* analysis—whether the offenses were dissimilar in import and significance. There are two circumstances in which offenses will be considered dissimilar in import making sentences of multiple counts permissible. The first is " '[w]hen a defendant's conduct victimizes more than one person [because] the harm for each person is separate and distinct.' * * * The second circumstance is when a defendant's conduct against a single victim constitutes two or more offenses and 'the harm that results from each offense is separate and identifiable from the harm of the other offense.' " *Ramunas* at ¶ 23 (Fischer, J., dissenting), quoting *Ruff* at ¶ 26. As this case concerns a single victim, we will focus our analysis on whether the harm from the offenses of felonious assault and aggravated robbery was separate and identifiable.

{¶ 21} Offenses are " 'not allied offenses of similar import if neither [offense] is incident to the other.' " *State v. Bishop,* 1st Dist. No. C-220231, 2023-Ohio-947, ¶ 18, quoting *Ruff* at ¶ 23. In conducting an analysis of whether two offenses are allied offenses of similar import, we must look beyond the statutory elements and focus on the defendant's conduct. *Flood*, 2019-Ohio-2524, at ¶ 29. The evidence at trial, or during a plea and sentencing hearing, will determine whether the offenses are of a similar import. *Ruff* at ¶ 26.

{¶ 22} In the present case, first harm occurred when appellant committed the felonious assault by shooting M.B. in the back as he fled down an alleyway. This harm would have occurred had appellant elected not to steal the victim's chain. The second harm, derived from the aggravated robbery, occurred when appellant stole M.B.'s chain resulting in the loss of property. These are two, separate and identifiable harms that preclude merger under R.C. 2941.25(B).

{¶ 23} Likewise, the resulting harms are fundamentally distinct in their import. The word "import" in the context of allied offenses means " 'offenses of similar importance, consequence and signification.' " *Thundercloud v. Ross Corr. Inst.*, S.D.Ohio No. 2:20-cv-4747, 2021 U.S. Dist. LEXIS 48869, *21 (Mar. 16, 2021), quoting *State v. Baer*, 67 Ohio

---

felonious assault and aggravated robbery do not merge under the third theory, which is the basis for appellant's argument, we decline to resolve the state's alternative arguments.

St.2d 220, 226 (1981). "[O]ffenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm." *Ruff* at ¶ 21. Here, the harm from the felonious assault was a serious bodily injury, i.e., a bullet wound to M.B.'s back, while the harm suffered from the aggravated robbery was the loss of a gold chain. Due to the disparity in the resulting harm caused by a bullet wound as compared to the loss of property, we cannot find that these offenses are of a similar import.

{¶ 24} Our resolution of the first prong in the *Ruff* analysis aligns with numerous Ohio courts that have found the offenses of felonious assault and aggravated robbery were dissimilar in import and significance. *See, e.g., State v. Gambino*, 11th Dist. No. 2021-T-0018, 2022-Ohio-1554, ¶ 49 (finding the "grave injuries" inflicted upon the victim during the felonious assault and the subsequent harm from the aggregated robbery—the loss of a wallet, keys, and cellphone after appellant shot the victim—were separate, identifiable harms); *State v. Gillespie*, 12th Dist. No. CA2021-01-004, 2021-Ohio-3650, ¶ 46-47 (finding merger did not apply to appellant's aggravated robbery and felonious assault convictions as the harm from depriving the victim of $18 cash was separate and identifiable from the harm of repeatedly hitting the victim with a revolver); *State v. Martin*, 6th Dist. No. L-19-1133, 2021-Ohio-1615, ¶ 37 (concluding the harm from the felonious assault—physical injury to the victim caused by several strikes to his head and body—and the harm from the aggravated robbery—loss of property—were separate and identifiable); *State v. Shannon*, 5th Dist. No. 2020 CA 51, 2021-Ohio-1396, ¶ 18-19 (concluding the offenses of aiding and abetting felonious assault and aiding and abetting aggravated robbery resulted in separate, identifiable harms); *State v. Tellis*, 6th Dist. No. WD-19-050, 2020-Ohio-6982, ¶ 80 (finding the harm and injuries from the felonious assault—striking the victim with a pistol and causing her to hit the concrete floor—prior to the harm caused by the aggravated robbery—the loss of her cellphone and $1,200—were separate and identifiable harms); *State v. Evans*, 8th Dist. No. 108648, 2020-Ohio-3968, ¶ 123 (finding the offenses of felonious assault and aggravated robbery were dissimilar in import, and therefore did not merge, as they caused separate, identifiable harms); *State v. McLaughlin*, 5th Dist. No. CT2017-0104, 2018-Ohio-2333, ¶ 30 (finding the felonious assault did not merge with the aggravated robbery, kidnapping, or theft offenses as the harm to the victim was separate and distinct); *State v. Harmon*, 2d Dist. No. 26883, 2017-Ohio-8106, ¶ 65 (concluding the

offense of felonious assault—brandishing the firearm and shooting the victim in the face—prior to the robbery—taking a t-shirt from the victim's bedroom—resulted in separate and identifiable harms); *State v. Knight*, 12th Dist. No. CA2016-02-028, 2016-Ohio-7991, ¶ 19 (finding merger did not apply to appellant's felonious assault and aggravated robbery convictions when the harm of robbing the victim at gunpoint while stealing money from a vault was separate from the harm of striking the victim in the head with a gun); *State v. Napier*, 5th Dist. No. CT2015-0044, 2016-Ohio-2967, ¶ 32 (finding the commission of the felonious assault offense—striking the victim in the mouth knocking out his tooth—prior to the aggravated robbery offense—using a firearm to take the victim's money—caused separate, identifiable harms).

{¶ 25} Appellant alleges that the "felonious assault was incidental to and in furtherance of the aggravated robbery." (Appellant's Brief at 9.) Appellant cites the Eighth District Court of Appeals decision in *State v. Sutton*, 8th Dist. No. 102300, 2015-Ohio-4074 as instructive. Appellant acknowledges that while *Sutton* did not find the felonious assault and aggravated robbery merged, the facts of this case fill in the gaps that were fatal to the analysis in *Sutton*. A brief review is instructive.

{¶ 26} In *Sutton,* the defendant lured the victim to her home for the alleged purpose to have sex for hire but with the true intention of robbing him by force. Once the victim entered the home and undressed in the bedroom, the defendant's boyfriend entered the room. Upon the boyfriend entering the bedroom, Swanson reached for his firearm, which was located in his discarded pants. An altercation ensued over control of a firearm. *Id.* at ¶ 4. During the altercation, the boyfriend obtained control of the gun and shot the victim from a distance of ten feet. Sutton then threw the victim's car keys outside and left the residence with the boyfriend, who was carrying the victim's firearm. *Id.* at ¶ 6. Sutton was later found guilty of, among other offenses, aggravated robbery and felonious assault. The trial court concluded that the offenses did not merge as they were not allied offenses. While the Eighth District Court of Appeals agreed with the trial court that the felonious assault and aggravated robbery did not merge as the offenses were committed with a separate animus, it did find that because the serious physical harm element in both counts reference the same gun-related injuries suffered by the victim, the offenses were of a similar import. *Id.* at ¶ 60.

{¶ 27} Upon review, *Sutton* is distinct from the instant case in several ways. In *Sutton*, the shot occurred after an altercation over control of the gun. Here, the felonious assault and resulting harm, i.e., gunshot wound, occurred after M.B. attempted to evade appellant by fleeing down an alleyway. Moreover, unlike *Sutton*, the indictment in this case was not specific as to the serious physical harm element in the aggravated robbery charge. As such, even under appellant's theory of the case, the possession or brandishing of the firearm while taking the chain could just as easily form the basis for an aggravated robbery conviction as utilizing the serious physical harm element, i.e., the gunshot wound. Finally, *Sutton* was charged with setting up the victim while her boyfriend committed the aggravated robbery. Here, appellant acted alone in shooting M.B. before stealing his gold chain. As often is the case when resolving whether offenses are of a similar import, the R.C. 2941.25 analysis turns on the particular facts, "which can lead to exceedingly fine distinctions." *Bailey*, 2022-Ohio-4407, at ¶ 11. Given the differing fact patterns, as well as the abundance of caselaw that has found felonious assault and aggravated robbery offenses resulted in separate, identifiable harms, appellant's reliance on *Sutton* is misplaced.

{¶ 28} Accordingly, we find that the offenses of felonious assault and aggravated robbery were dissimilar in their import and significance. Because appellant has failed to demonstrate all the elements under the *Ruff* analysis, we decline to examine the remaining factors. *McKnight*, 2022-Ohio-591, at ¶ 35 ("We note again that *Ruff* directed that if any one of the three prongs is met, the counts do not merge.").

{¶ 29} Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 30} Based on the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

————————————