[Cite as *State v. Muhammad*, 2025-Ohio-1981.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-424 |
| v. | : | (C.P.C. No. 24CR-924) |
| Ayyub J. Muhammad, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 3, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin Tracy*, for appellee. **Argued:** *Benjamin Tracy.*

**On brief:** *Kerry M. Donahue*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Ayyub J. Muhammad, appeals the judgment of the Franklin County Court of Common Pleas, which accepted his no contest plea and convicted him of having weapons while under disability, with a firearm specification. For the following reasons, we affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On or around February 11, 2024, a police officer found Muhammad in a motor vehicle with a firearm. In 2013, Muhammad had been convicted of a felony offense of violence, namely robbery in violation of R.C. 2911.02, and was subsequently prohibited from possessing a firearm. On February 21, 2024, Muhammad was indicted on three Counts: (1) improperly handling firearms in a motor vehicle, a fourth-degree felony under R.C. 2923.16; (2) having weapons while under disability, a third-degree felony under R.C. 2923.13, with a firearm specification; and (3) attempted tampering with evidence, a fourth-

degree felony under R.C. 2923.02 as it relates to R.C. 2921.12, with a firearm specification. On February 23, 2024, Muhammad pled not guilty to the charges.

{¶ 3}   On June 13, 2024, Muhammad pled "no contest" to Count 2, having weapons while under disability, with a firearm specification, and the state nolled Counts 1 and 3 of the indictment.  The trial court then sentenced Muhammad to 36 months in prison for the weapons under disability charge and 12 months in prison for the firearm specification, with the terms to run consecutively.

{¶ 4}   Muhammad now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 5}   Muhammad argues the following assignments of error:

> [1.] The offenses of weapon under disability (WUD) does not have separate animus from a gun specification and a conviction of both is a violation of the Double Jeopardy Clause of the U.S. Constitution and the Ohio Constitution pursuant to the 14th Amendment.
>
> [2.] The court failed to make the necessary findings to impose a consecutive sentence.

## III.  ANALYSIS

### A.  Assignment of Error No. 1

{¶ 6}   In his first assignment of error, Muhammad argues that the offense of having weapons while under disability and a gun specification do not have separate animuses and, thus, to sentence on both is to impose multiple punishments for the same offense, in violation of the United States Constitution and the Ohio Constitution.  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution, "ensures that a state may not put a defendant in jeopardy twice for the same offense." *State v. Anderson*, 2014-Ohio-542, ¶ 54, citing *Benton v. Maryland*, 395 U.S. 784 (1969).  The protection against multiple punishments for the same offense is among the protections afforded under the Double Jeopardy Clause.  *State v. Taylor-Hollingsworth*, 2023-Ohio-4435, ¶ 12 (10th Dist.), citing *State v. Ruff*, 2015-Ohio-995, ¶ 10.

{¶ 7}   R.C. 2941.25 "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense."  *State v.*

*Underwood*, 2010-Ohio-1, ¶ 23.  Pursuant to R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  Here, Muhammad argues that the having weapons while under disability charge and the firearm specification are allied offenses, but this presupposes that the firearm specification is an offense.  It is not.

{¶ 8}  In *State v. Ford*, 2011-Ohio-765, the Supreme Court of Ohio explained that a firearm specification is "contingent upon an underlying felony conviction" and "merely a sentencing provision that requires an enhanced penalty upon certain findings."  *Id*. at ¶ 16.  Therefore, the court held a firearm specification under R.C. 2941.145 is a *penalty enhancement*, not a criminal offense.  *Id*. at paragraph one of the syllabus.  As such, "[p]enalties for a specification and its predicate offense do not merge under R.C. 2941.25."  *Id*. at ¶ 19.

{¶ 9}  As it is a penalty enhancement, the imposition of a sentence on the firearm specification does not run afoul of constitutional protections against double jeopardy.  *Id*. (offense of discharging a firearm at or into a habitation and the accompanying firearm specification do not merge because the firearm specification "is a penalty enhancement, not a criminal offense"); *State v. Horton*, 2015-Ohio-4039, ¶ 70 (10th Dist.) ("the having weapons while under disability offense and the firearm specification attached to the offense of murder are not allied offenses of similar import as defined in R.C. 2941.25, because the firearm specification is a penalty enhancement, not a separate criminal offense").  We therefore overrule Muhammad's first assignment of error.

**B.  Assignment of Error No. 2**

{¶ 10}  In his second assignment of error, Muhammad argues that the trial court did not comply with the sentencing guidelines in R.C. Chapter 2929 when imposing consecutive sentences.  Muhammad points us to R.C. 2929.14(C), which states:

> (4) *If multiple prison terms are imposed on an offender for convictions of multiple offenses*, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) R.C. 2929.14(C)(4)(a) through (c). But as we have discussed in our consideration of Muhammad's first assignment of error, the firearm specification is not a separate offense, but a penalty enhancement. Therefore, R.C. 2929.14(C)(4) does not apply to Muhammad's sentencing.

{¶ 11} Accordingly, we overrule Muhammad's second assignment of error.

## C. Motion to Strike

{¶ 12} On January 23, 2025, the state filed a motion to strike a new argument Muhammad made in his reply brief or, in the alternative, to take judicial notice of facts counter to Muhammad's argument.

{¶ 13} In his reply brief, Muhammad argued that the state did not meet "its burden of establishing from the record that the Appellant had previously been convicted of an offense [under R.C. 2929.14(B)(1)(e)(i) and (e)(ii)] and that less than 5 years has passed since release from a sentence for one of those offenses." (Reply Brief at 10.) The state notes that Muhammad did not make this argument at the trial court and did not raise it in his original brief to this court. Raising a new argument in a reply brief is forbidden. *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 2011-Ohio-2881, ¶ 40, citing *Am. Fiber Sys., Inc. v. Levin*, 2010-Ohio-1468, ¶ 21. "A reply brief affords an appellant an opportunity to reply to an appellee's brief, and it is improper to use it to raise a new issue." *State v. McKinney*, 2008-Ohio-6522, ¶ 33 (10th Dist.). *See also Sheppard v. Mack*, 68 Ohio App.2d 95, 97, fn. 1 (8th Dist. 1980); *State v. Newcomb*, 2005-Ohio-4570, ¶ 29 (10th

Dist.).  Accordingly, we grant the state's motion to strike the portion of Muhammad's reply brief that raises a new argument.

## IV.  CONCLUSION

{¶ 14} Having overruled Muhammad's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.  The state's motion to strike is granted.

*Motion to strike granted*;
*judgment affirmed.*

MENTEL and LELAND, JJ., concur.