THE STATE OF OHIO, APPELLEE, *v.* HENLEY, APPELLANT.

[Cite as State v. Henley, 15 Ohio St. 2d 86.]

(No. 40990—Decided June 26, 1968.)

88

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Calvin W. Prem*, for appellee.

*Mr. Louis A. Ginocchio* and *Mr. Thomas Stueve*, for appellant..

Brown, J. The appellant, hereinafter referred to as defendant, raises six assignments of error.

Under his first assignment of error, the defendant points out that the court sent him to Lima for the purpose of determining whether he was presently sufficiently sane to stand trial. He argues that this determination of present sanity is not admissible to prove his mental condition at the time of the crime. *State* v. *Hagert*, 144 Ohio St. 316. We believe this argument is beside the point. The determination of present sanity, and the evidence pertaining exclusively to it, was never introduced. Doctor Iwanowycz went beyond his immediate duty in this case and at-

tempted to discover the state of Henley's mental health on the date of the crime, three months earlier. To this end, he ordered a number of extra tests to be given Henley. These tests were of little relevance as to his present mental state, but were important in determining his past mental condition. The doctor testified that these tests, and his observations made at the time, were a sufficient basis for him to conclude that there was no history of psychosis and that Henley was sane at the time of the commission of the crime. We fail to see how the admission of this opinion conflicts with the *Hagert case, supra,* which holds only that a finding of present sanity is not admissible to rebut evidence supporting the defense of insanity.

The defendant argues, under his second assignment of error, that the opinion of Doctor Iwanowycz was improper in that it was based in part upon a written report of one Doctor Leist, a psychiatrist at Boys Industrial School, which had been prepared three years earlier when defendant was an inmate of that school. The bill of exceptions does not support this argument. Doctor Iwanowycz testified that he based his opinion in part upon the lack of history of serious mental illness. The report of Doctor Leist supported this conclusion that there was no history of mental illness, since its results were negative, but Doctor Iwanowycz testified that he came to this conclusion, and formed his opinion concerning the mental condition of defendant at the time of the crime, before he read the report of Doctor Leist. Reference to this report may have been hearsay which should have been excluded,* but we do not think it was prejudicial in these circumstances.

The third assignment of error concerns a part of the instructions on the recommendation of mercy in which the court informed the jury that if Henley were given a life sentence he could not be granted a parole, but he could

---

*It is at least arguable that the reference to this report was used to prove the lack of *history* of mental disease, and not to prove the *truth* of its findings. In this situation, the reference would not constitute hearsay.

be pardoned or his sentence could be commuted by the Governor.

This segment of the instructions is substantially the same as that considered in *State* v. *Meyer*, 163 Ohio St. 279, and we believe the question raised by the defendant as to its propriety is disposed of by the first paragraph of the syllabus of the *Meyer case*, which reads as follows:

"Although it is proper and probably the better practice for the trial court, in a first degree murder case, to charge the jury that the punishment provided for a conviction of first degree murder with a recommendation of mercy is life imprisonment and to refrain from explaining the power of the executive department to modify that punishment by way of pardon or commutation and parole, the trial court may in its discretion explain to the jury that power of the executive department to modify that punishment."

The fourth matter assigned as error is the refusal of the trial court to give the instructions on temporary insanity requested by the defendant. We find no error in this refusal because the three sentences of the instruction on temporary insanity, requested by the defendant, did not add anything not covered in the charge. They dealt with the fact that insanity need not be of long duration, but the charge given adequately covered this point in emphasizing that insanity at the time the act was committed would excuse the act. In a criminal case it is not error to refuse a requested instruction covered in the general charge. *Bond* v. *State*, 23 Ohio St. 349.

The fifth assignment of error concerns the refusal of the trial court to strike the issue of murder in the first degree. The appellant asserts that the evidence contradicts premeditation. In light of the facts of this case, this assertion is clearly frivolous. There is, to say the least, ample evidence from which the jury could reasonably find the element of premeditation.

The last assignment of error concerns the admission of the defendant's confession which was made to officer MacCullough on the way to the police station. This case

came to trial after the decision in *Escobedo* v. *Illinois*, 378 U. S. 478, but before the decision in *Miranda* v. *Arizona*, 384 U. S. 436, so it is clear that the *Miranda* requirements are inapplicable. *Johnson* v. *New Jersey*, 384 U. S. 719. Defendant contends that his confession was inadmissible under the *Escobedo case* because he was not effectively warned of his constitutional right to remain silent. On this matter, the undisputed testimony of officer MacCullough was as follows:

"Well, after I took him over to King Kwik, I and Sergeant Finn, and the people identified him, then I told Lee, I said, Lee, anything you say to me from now on can be used for or against you in court. According to your constitutional rights you don't have to say anything."

There is no assertion that defendant ever requested counsel, and there is nothing indicating that the confession was otherwise involuntary. Consequently, we find no error in its admission into evidence. *State* v. *Carder*, 9 Ohio St. 2d 1.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.